S03Y1506, S03Y1507, S03Y1508. IN THE MATTER OF DAVID ROY HEGE (three cases).
(586 SE2d 667)

PER CURIAM.

These disciplinary matters are before the Court on Hege's Petition for Temporary Voluntary Surrender of License and two Review Panel reports recommending that Hege be disbarred. In both Case

Nos. S03Y1506 and S03Y1507, Hege failed to timely answer the Formal Complaints filed by the State Bar and consequently the special master found him to be in default and the allegations in the complaints deemed admitted. The Review Panel adopted the special master's findings and conclusions in each case and recommended that Hege be disbarred.

In Case No. S03Y1506, a client hired Hege in December 2000 to represent him in a divorce action and paid Hege a retainer of $2,500. Although the client directed Hege to pursue discovery and made numerous inquiries by phone, fax, and mail about the status of the case, Hege failed to pursue the discovery requested, to otherwise initiate or complete work on the divorce case to prepare it for trial, or to respond to the client's inquiries. In May 2002, the client mailed a letter to Hege discharging Hege and demanding that Hege surrender the client's file and the retainer. After Hege failed to respond, the client sent another letter in September 2002 again requesting his file and a refund of the retainer. Hege failed to respond to the letter; failed to return the file or any unearned portion of the retainer; and failed to seek permission from the court to withdraw from the divorce case.

Based on this conduct, the special master concluded that Hege violated Rules 1.3 (lawyer shall act with diligence and promptness); 1.4 (lawyer shall keep client reasonably informed and promptly comply with reasonable requests for information); 1.16 (a) (lawyer shall withdraw from representation if discharged); and 1.16 (d) (upon termination of representation, lawyer shall take reasonable steps to protect client's interest) of the Georgia Rules of Professional Conduct, all a part of Bar Rule 4-102 (d) (disciplinary action rule), and recommended that Rule 4-103 (multiple violations constitute discretionary grounds for suspension or disbarment) be invoked.

In Case No. S03Y1507, Hege agreed to represent two clients in March 2001 in a case pending before the Magistrate Court of Colquitt County. Hege already represented one of the clients in a workers' compensation case and continued to do so throughout 2001. Although the magistrate court case was scheduled for trial for May 2001 and Hege agreed to appear on his clients' behalf, Hege failed to do so and the court entered a judgment against the clients. Hege subsequently promised to file an appeal of the judgment and, although he did not file the appeal, falsely told one of the clients that he had. After the sheriff sought to levy on personal property to satisfy the judgment, Hege advised the clients to file for bankruptcy and, in August 2001, Hege filed a bankruptcy petition on their behalf. Hege, however, failed to file the appropriate bankruptcy plan and schedules; failed to attend two hearings in bankruptcy court; and did not inform the clients of the additional filings that were required or of the hearings.

Consequently, in November 2001, the Chapter 13 trustee filed a motion to dismiss the case and after Hege failed to attend a hearing on the motion, the bankruptcy court dismissed the case in December 2001 and the sheriff resumed his efforts to levy on the clients' personal property. In the meantime, Hege also loaned one of the clients $2,000 as an advance on a settlement of her workers' compensation case and to assist her with her living expenses.

Based on this conduct, the special master concluded that Hege violated Rules 1.3, 1.4, 1.8 (e) (lawyer shall not provide financial assistance to client except certain court costs and expenses); 1.16 (d), and 8.4 (a) (4) (lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit or misrepresentation) of the Georgia Rules of Professional Conduct, all a part of Bar Rule 4-102 (d), and recommended that Bar Rule 4-103 be invoked.

In Case No. S03Y1508, Hege filed a temporary voluntary surrender of license as one of the conditions of bond imposed on June 27, 2003 by the Tift County Superior Court. The court also ordered that Hege not seek reinstatement until the two disciplinary matters pending before this Court were resolved. As Hege filed the temporary voluntary surrender of license as ordered and the two pending disciplinary matters are resolved in this opinion, there is no need for this Court to take any further action in regard to disciplinary action Case No. S03Y1508.

We have reviewed the records in Case Nos. S03Y1506 and S03Y1507 and, finding no mitigating factors, agree with the special master and the Review Panel that Hege should be disbarred for his violations of Rules 1.3, 1.4, 1.8 (e), 1.16 (a), 1.16 (d), and 8.4 (a) (4) of the Georgia Rules of Professional Conduct, all a part of Bar Rule 4-102 (d). We also agree that due to Hege's prior disciplinary violations, Bar Rule 4-103 should be invoked. Accordingly, Hege is disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED SEPTEMBER 22, 2003 —
RECONSIDERATION DENIED OCTOBER 17, 2003.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.

*Cork & Cork, Robert L. Cork, Jack W. Carter*, for Hege.